SHANA M. MOTHERWAY ET AL. *v.* JANICE L. GEARY
(AC 24352)

Lavery, C. J., and Foti and McLachlan, Js.

---

Submitted on briefs January 23—officially released May 4, 2004

*Paul W. Smith* filed a brief for the appellant (defendant).

*Shana M. Motherway*, pro se, and *Edward J. Motherway*, pro se, the appellees (plaintiffs), filed a brief.

LAVERY, C. J. The defendant, Janice L. Geary, appeals from the judgment of the trial court awarding nominal damages of $1 on her counterclaim against the plaintiff Shana M. Motherway.[1] On appeal, the defendant claims that the court improperly failed to award damages of $7500 on her counterclaim against the plaintiff under the liquidated damages provision of the real estate purchase contract (contract) existing between the parties. We disagree and, therefore, affirm the judgment of the trial court.

The court found the following relevant facts. The plaintiff and her husband, Edward J. Motherway, entered into the contract with the defendant, the owner of a single-family home in Suffield. The Motherways, after being advised by their inspection company of problems with the home's boiler, notified the defendant of their concerns. The parties attempted to resolve the ensuing dispute, but the defendant did not permit Krupa Oil Company to conduct any further inspections of the boiler on behalf of the Motherways. The Motherways thereafter attempted to terminate the contract pursuant to paragraph nineteen of the contract.[2]

---

[1] The original action named two plaintiffs, Shana M. Motherway and her husband, Edward J. Motherway. The court found in favor of Edward Motherway and awarded him damages of $7500 plus interest. The court rendered a default judgment against Shana Motherway on the counterclaim for failure to appear. The claim raised by the defendant relates only to Shana Motherway, and we therefore refer to her as the plaintiff in this opinion.

[2] Paragraph nineteen of the contract provides in relevant part: "Buyer acknowledges that Buyer has had the opportunity to make a full and complete inspection of the Property, to the extent desired by Buyer. . . . Buyer must give Seller written notice of any inspection that does not meet the standards set forth below together with a copy of the inspection report, on or before 14 calendar days after the date that this Contract is fully executed (Inspection Contingency Date). If Buyer does not give Seller such notice, Seller shall have no responsibility or obligation concerning any condition to which this paragraph 19 applies. . . . If an inspection report given by Buyer to Seller on or before the Inspection Contingency Date reveals that the Property does not meet the terms set forth below and Seller and Buyer cannot reach a mutually satisfactory agreement regarding these matters,

The defendant refused to return to the Motherways their $7500 deposit and continued to attempt further negotiations regarding the boiler. Consequently, the Motherways filed a complaint against the defendant on January 16, 2003, alleging both that the defendant's failure to return their deposit was a material breach of the contract and that the defendant's fraudulent misrepresentation as to the condition of the boiler rendered the contract void ab initio. The defendant filed a counterclaim, contending that the Motherways had breached the contract in that they withdrew from it without cause and failed to satisfy the terms and conditions for termination under paragraph nineteen of the contract.

The court ruled in favor of Edward Motherway on both his claim for breach of contract and on the defendant's counterclaim, finding that the Motherways had complied with the requirements of the contract, namely, that they provide the defendant with written notice of any inspection not meeting the standards established by the contract, together with a copy of the inspection report. The court also found that the Motherways were unable to reach an agreement with the defendant regarding the boiler and that they subsequently terminated the contract in a timely manner under paragraph nineteen. Moreover, the court found that the Motherways did not prove by clear and convincing evidence their allegations of fraud in connection with the disclosure of the condition of the property.

The court ordered the defendant to return to the Motherways their $7500 deposit with interest and found

then Buyer may terminate this Contract by giving Seller written notice of termination no later than 3 days after the Inspection Contingency Date. Failure by Buyer to . . . terminate relieves Seller from all responsibility and obligation concerning any condition to which this paragraph 19 applies. If Buyer terminates this contract pursuant to Buyer's rights under this paragraph 19, Buyer shall receive all deposited sums and the obligations of the parties under this Contract shall end . . . ."

against the defendant on her counterclaim. At the request of the defendant, the court also entered a technical default against the plaintiff, who was not represented by counsel and who did not appear at trial due to child care obligations. The court, however, did not award any damages to the defendant on the default judgment due to its ruling in favor of Edward Motherway. Subsequently, the defendant filed a motion to reargue. On May 27, 2003, in response to that motion, the court awarded nominal damages of $1 to the defendant. It is that award that the defendant challenges on appeal.

The defendant claims that damages of $7500 should have been assessed on her counterclaim against the plaintiff in accordance with paragraph fourteen of the contract.[3] She contends that under paragraph fourteen, she was entitled to retain the Motherways' deposit as liquidated damages because they defaulted on the contract. The defendant argues that the court improperly found that the plaintiff had terminated the contract properly and, therefore, the defendant was not liable for breach of contract. We disagree.

We must first determine the proper standard of review. Normally, we review a court's determination of damages under an abuse of discretion standard. See *Barber* v. *Mulrooney*, 61 Conn. App. 108, 111, 762 A.2d 520 (2000). When, however, a damages award is challenged on the basis of a question of law, our review is plenary. See *First Federal Savings & Loan Assn. of Rochester* v. *Charter Appraisal Co.*, 247 Conn. 597, 603,

---

[3] Paragraph fourteen of the contract provides in relevant part: "If Buyer defaults under this Contract and Seller is not in default, Buyer's deposits shall be paid over to and retained by Seller as liquidated damages and both parties shall be relieved of further liability under this contract, except to the extent of Buyer's obligations under Paragraph 19. If Seller defaults under this Contract and Buyer is not in default, Buyer shall be entitled to any and all remedies provided by law and equity . . . ."

724 A.2d 497 (1999). Although the defendant casts her argument as a challenge to the court's determination of damages, she actually is disputing the court's interpretation of the contract. "Although ordinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact . . . [w]here there is definitive contract language, the determination of what the parties intended . . . is a question of law." (Internal quotation marks omitted.) *Tallmadge Bros., Inc.* v. *Iroquois Gas Transmission System, L.P.*, 252 Conn. 479, 495, 746 A.2d 1277 (2000). We do not find ambiguity in the relevant contract language and will, therefore, apply plenary review.

The court found that Edward Motherway had demonstrated by a preponderance of the evidence that he and the plaintiff had satisfied the requirements for termination pursuant to paragraph nineteen of the contract. The evidence in the record clearly supports the court's conclusion. The parties entered into the contract on October 16, 2002. According to paragraph nineteen, the Motherways had fourteen calendar days from that date in which to provide the defendant with a copy of an unsatisfactory inspection report, should there be one. On October 25, 2002, the Motherways provided such notice. The contract also afforded the Motherways with an additional three calendar days after providing notice in which to terminate the contract should the parties be unable to reach an agreement regarding an unsatisfactory inspection. They also complied with that provision in that they sent a letter to the defendant terminating the contract on October 30, 2002. It is clear, therefore, that the Motherways satisfied all contract requirements for termination.

The defendant argues that the plaintiff's liability under the counterclaim is conclusively presumed due to the default judgment entered against her. Our Supreme Court has held that a default judgment entitles the pre-

vailing party "at the very least . . . to nominal damages." *DeBlasio* v. *Aetna Life & Casualty Co.*, 186 Conn. 398, 401, 441 A.2d 838 (1982). "The entry of a default constitutes an admission by the [defaulted party] of the truth of the facts alleged in the complaint." Id., 400. That, however, does not relieve the defendant of her burden of proving damages. See id., 401; see also *Baldwin* v. *Harmony Builders, Inc.*, 31 Conn. App. 242, 245–46, 624 A.2d 393 (1993). Accordingly, we must determine whether the amount of damages awarded by the court was proper. See *Smith* v. *Snyder*, 267 Conn. 456, 462 n.6, 839 A.2d 589 (2004).

We conclude that the defendant cannot satisfy her burden of proving damages. The defendant testified that she continued to maintain several mortgages on the property after the Motherways did not purchase the home. That is unpersuasive. We have already determined that the Motherways successfully terminated their contract with the defendant under paragraph nineteen. The defendant, therefore, was obligated under paragraph fourteen to return to the Motherways their deposit. Accordingly, it would be illogical for us to conclude that the plaintiff now owes $7500 to the defendant simply because of the default judgment that was entered against the plaintiff. Given the evidence, the court's nominal award was proper.

The judgment is affirmed.

In this opinion the other judges concurred.