# COLLIERS, DOW AND CONDON, INC. *v.* LEONARD J. SCHWARTZ ET AL.
## (AC 25537)

Dranginis, DiPentima and Stoughton, Js.

Argued February 9—officially released April 12, 2005

*Bruce G. MacDermid*, for the appellant (plaintiff).

*Mark S. Shipman*, for the appellees (defendants).

*Opinion*

DRANGINIS, J. In *Colliers, Dow & Condon, Inc.* v. *Schwartz*, 77 Conn. App. 462, 823 A.2d 438 (2003) (*Colliers I*), this court reversed the judgment of the trial court and remanded the case for further proceedings.[1] On remand, the trial court rendered judgment in favor of the plaintiff, Colliers, Dow & Condon, Inc., against the defendant K.F. Associates, LLP. The plaintiff appealed from the judgment, claiming that the court improperly concluded that it was not entitled to a judgment against the defendant Leonard J. Schwartz. We affirm the judgment of the trial court.

The following facts are relevant to our resolution of the appeal. The controversy between the parties evolves from an exclusive agreement they entered into in September, 1997, with respect to commercial real property located at 631-635-637 Farmington Avenue in Hartford (property).[2] The essence of the controversy before us

---

[1] The rescript stated: "The judgment is reversed and the case is remanded for further proceedings (1) to consider the defendants' special defense relating to [General Statutes] § 20-325a (b) and (2) for a determination of the appropriate amount of damages." *Colliers I*, supra, 77 Conn. App. 474.

[2] In *Colliers I*, the trial court found that the property is located in West Hartford. That factual finding was set forth in this court's decision in *Colliers I*. *Colliers I*, supra, 77 Conn. App. 464. On the basis of our review of the evidence presented at the trial on remand, we conclude that that factual finding is clearly erroneous, but further conclude that the factual error is

stems from the misidentification of the owner of the property in the exclusive agreement. At all times relevant to this action, the property was owned by K.F. Associates, LLP, a limited liability partnership formed on October 22, 1996, as the successor in interest to K.F. Associates, a general partnership that had been formed in 1983.[3] Prior to the execution of the exclusive agreement, the plaintiff and Schwartz, individually and as an agent for K.F. Associates, had a number of business dealings. Id., 464. Schwartz was the managing partner of the general partnership, K.F. Associates, and at the time the exclusive agreement was executed, he was the general partner of K.F. Associates, LLP.

At the time the exclusive agreement was executed, a business named Imagineers occupied approximately 86 percent of the property as a tenant. Schwartz asked John Tully, a licensed brokerage representative of the plaintiff, to approach Imagineers about buying the property. As a result of his discussions with Imagineers, Tully proposed two plans for Imagineers to acquire the property. Imagineers responded with a counteroffer at a price well below either of the plaintiff's proposals. Alternatively, Imagineers proposed to Schwartz directly that it continue to rent the property under a five year lease, with an option to renew for another five years. Schwartz responded with a higher counterproposal. "On August 26, 1998, Schwartz and Imagineers signed a lease agreement, effective February 1, 1999. On April 19, 1999, the plaintiff sent the defendants a bill for real estate brokerage services rendered pursuant to their exclusive listing agreement. The amount requested was 5 percent of the anticipated rent to be paid during the

---

not material to our legal conclusions with respect to the issues raised on appeal here.

[3] On remand, the court found that the defendant K.F. Associates, LLP, had filed a certificate of limited liability partnership with the secretary of the state, listing Schwartz as one of the partners, and a certificate of change of name on the Hartford land records.

first five year lease period, or $42,750.80. Schwartz refused to make payment . . . ." Id., 465.

The plaintiff commenced an action against the defendants that was tried to the court, *Hon. Mary R. Hennessey*, judge trial referee. Judge Hennessey rendered judgment in favor of the defendants, and the plaintiff appealed, claiming that the court improperly relied on parol evidence to vary a term of the parties' exclusive agreement and concluded that the plaintiff had failed to prove the defendants' breach of contract by a preponderance of the evidence. Id., 463–64. This court agreed with each of the plaintiff's claims, reversed the judgment of the trial court and remanded the case for further proceedings to consider the defendants' special defense alleged pursuant to General Statutes § 20-325a (b)[4] and

---

[4] General Statutes § 20-325a (b) provides in relevant part: "No person, licensed under the provisions of this chapter, shall commence or bring any action with respect to any acts done or services rendered after October 1, 1995, as set forth in subsection (a), unless the acts or services were rendered pursuant to a contract or authorization from the person for whom the acts were done or services rendered. To satisfy the requirements of this subsection any contract or authorization shall: (1) Be in writing, (2) contain the names and addresses of the real estate broker performing the services and the name of the person or persons for whom the acts were done or services rendered, (3) show the date on which such contract was entered into or such authorization given, (4) contain the conditions of such contract or authorization, (5) be signed by the real estate broker or the real estate broker's authorized agent, (6) if such contract or authorization pertains to any real property, include the following statement: 'THE REAL ESTATE BROKER MAY BE ENTITLED TO CERTAIN LIEN RIGHTS PURSUANT TO SECTION 20-325a OF THE CONNECTICUT GENERAL STATUTES', and (7) *be signed by the person or persons for whom the acts were done or services rendered or by an agent authorized to act on behalf of such person or persons*, pursuant to a written document executed in the manner provided for conveyances in section 47-5, except, if the acts to be done or services rendered involve a listing contract for the sale of land containing any building or structure occupied or intended to be occupied by no more than four families, the listing contract shall be signed by the owner of the real estate or by an agent authorized to act on behalf of such owner pursuant to a written document executed in the manner provided for conveyances in section 47-5." (Emphasis added.)

to calculate damages owed the plaintiff. *Colliers I,* supra, 77 Conn. App. 474.

On remand,[5] the plaintiff attempted to prove that Schwartz individually was liable for the plaintiff's commission because he was the managing partner of K.F. Associates. The defendants attempted to prevail on their special defense that the agreement did not conform to § 20-325a (b) because the exclusive agreement was between the plaintiff and K.F. Associates, and the property was owned by K.F. Associates, LLP.

On remand, the court, *Hon. Robert Satter,* judge trial referee, found the following facts. In its amended complaint, the plaintiff claimed that it had earned, and was owed, a commission for leasing the property pursuant to the exclusive agreement. On September 1, 1997, K.F. Associates and the plaintiff entered into the exclusive agreement, entitled "Exclusive Right to Sell/Exchange/ Lease Agreement." Schwartz signed the exclusive agreement as "owner/partner/duly authorized corporate agent." In their answer, the defendants denied that the plaintiff was owed a commission and interposed a special defense that the exclusive agreement failed to comply with the provisions of § 20-325a (b). Section 20-325a (b) provides, in essence, that no person shall commence an action for a real estate commission, unless the services were rendered pursuant to a written contract that meets certain specifications.

The court further found that Schwartz, as a partner in K.F. Associates, the general partnership, had dealt with Tully, the plaintiff's agent, on at least one transaction before 1997 in which the plaintiff realized a com-

---

[5] Prior to trial after remand, the parties filed motions to amend the pleadings to allege additional counts or special defenses, respectively. The court denied the motions to amend in accordance with *Nowell* v. *Nowell,* 163 Conn. 116, 121, 302 A.2d 260 (1972) (duty of trial court to comply strictly with mandate of remand, no judgment other than that directed or permitted may be rendered).

mission. K.F. Associates was listed as the owner of the property on the tax assessor's card at the Hartford city hall, where Tully looked for the ownership of the property. Paragraph thirteen of the exclusive agreement provides in relevant part: "Each undersigned Owner represents that . . . (i) he or she is the owner of record of the property, or *is the duly authorized agent to execute this agreement for the corporate or other entity which is the owner of record,* (ii) there are no other owners of record other than the undersigned . . . ." (Emphasis added.)

Schwartz knew that the real property was owned by K.F. Associates, LLP, at the time the plaintiff entered into the exclusive agreement with K.F. Associates. The court found that "[e]ither [Schwartz's] signing the agreement was a mistake on his part (which this court is inclined to believe) or a deliberate fraud to induce the services of the plaintiff without having the obligation to pay for them (which this court is not inclined to believe)." The fact that Schwartz intended K.F. Associates, LLP, to be a party to the exclusive listing agreement and to be bound by it is supported by the allegations of the defendants' special defense, to wit: "On or about September 1, 1997, Defendant Schwartz as Managing General Partner of K.F. Associates, LLP entered into an Agreement with Plaintiff which purports to fix the price to be paid to the Plaintiff as a commission for its services."

Judge Satter concluded, on the basis of the facts proved at trial, that the exclusive agreement was in substantial compliance with § 20-325a (b). Moreover, on the basis of § 20-325a (d),[6] it would be inequitable to

[6] General Statutes § 20-325a (d) provides in relevant part: "Nothing in subsection (a) of this section, subdivisions (2) to (7), inclusive, of subsection (b) of this section . . . shall prevent any licensee from recovering any commission, compensation or other payment with respect to any acts done or services rendered, if it would be inequitable to deny such recovery and the licensee (1) has substantially complied with subdivisions (2) to (7), inclusive, of subsection (b) of this section or (2) with respect to a commercial

deny the plaintiff recovery on the basis of the mistaken name of the partnership in the exclusive agreement. The court found that the mistake was the defendants' error, which they admitted in their answer. Because a lease for the property was effectuated during the time covered by the exclusive agreement, the plaintiff was entitled to the commission provided for by the agreement.[7]

With respect to liability the plaintiff sought to impose on Schwartz individually, the court found that the amended complaint identified Schwartz as a defendant, but did not state a cause of action against him.[8] Furthermore, in its brief submitted during the trial before Judge Hennessey, the plaintiff did not seek to recover from Schwartz individually. In addition, General Statutes § 34-327 (c)[9] of the Uniform Partnership Act (1994) protects partners in a registered limited liability partnership from personal liability. The court, therefore, concluded that the plaintiff was not entitled to a judgment against Schwartz individually. The plaintiff appealed, claiming that the court improperly concluded

real estate transaction, has substantially complied with subdivisions (2) to (6), inclusive, of subsection (b) of this section . . . ."

[7] The court also calculated the damages due the plaintiff. Neither party has challenged the court's determination on appeal.

[8] The amended complaint filed January 11, 2000, alleges in relevant part: "4. On or about September 1, 1997, K.F. [Associates, LLP], *through SCHWARTZ*, entered into an exclusive agreement with [the plaintiff] for the sale/exchange/lease of the Property." (Emphasis added.)

[9] General Statutes § 34-327 provides in relevant part: "(c) Subject to subsection (d) of this section, a partner in a registered limited liability partnership is not liable directly or indirectly, including by way of indemnification, contribution or otherwise, for any debts, obligations and liabilities of or chargeable to the partnership or another partner or partners, whether arising in contract, tort or otherwise, arising in the course of the partnership business while the partnership is a registered limited liability partnership.

"(d) The provisions of subsection (c) of this section shall not affect the liability of a partner in a registered limited liability partnership for his own negligence, wrongful acts or misconduct, or that of any person under his direct supervision and control. . . ."

that Schwartz was not liable individually by (1) disregarding the law of the case established in *Colliers I*, (2) ignoring his judicial admission and (3) failing to impose liability on him as a general partner of K.F. Associates.

The applicable standard of review is well known. "The scope of our appellate review depends upon the proper characterization of the rulings made by the trial court. To the extent that the trial court has made findings of fact, our review is limited to deciding whether such findings were clearly erroneous. When, however, the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Olson* v. *Accessory Controls & Engineering Equipment Corp.*, 254 Conn. 145, 156, 757 A.2d 14 (2000).

I

The plaintiff's first claim is that the court improperly concluded that Schwartz was not liable individually under the exclusive agreement in that the court ignored the law of the case established in *Colliers I* and the defendants' judicial admission. We disagree.

The plaintiff founds its claim on certain language in *Colliers I*, specifically: "Because the defendants conceded in their answer to the complaint that Schwartz had entered into a contract with the plaintiff for professional real estate brokerage services, the validity of the contract was not before the court; only the scope of that contract was at issue." *Colliers I*, supra, 77 Conn. App. 467. On the basis of that language, the plaintiff argues that this court concluded that Schwartz was personally liable to it and that the court on remand was bound by that conclusion pursuant to the principle of the law of the case. The plaintiff's argument conflates

the issue in *Colliers I* and the relevant issue to be determined on remand.

In *Colliers I*, the plaintiff appealed from the judgment of the trial court, which held that the exclusive agreement provided that the plaintiff was to be paid a commission for the sale of the property only, not for a leasehold. This court concluded that the trial court had improperly relied on parol evidence "to read the word 'lease' out of an otherwise valid contract." Id. This court also concluded that the trial court, on the basis of its having read the word "lease" out of the contract, improperly concluded that the plaintiff had failed to prove its breach of contract action by a preponderance of the evidence. Id., 474. This court, therefore, reversed the judgment of the trial court, noting, however, the defendants' special defense that the plaintiff could not prevail on its breach of contract claim under § 20-325a (b), and remanded the case for further proceedings to consider the special defense and to determine the damages due. Id.

The language cited by the plaintiff concerns the central issue in *Colliers I*, i.e., the scope of professional real estate services to be provided pursuant to the exclusive agreement. On remand, the court was required to determine, pursuant to § 20-325a (b), whether the exclusive agreement contained the name of the person or persons for whom the services were rendered. In other words, in *Colliers I*, the defendants claimed that the exclusive agreement did not encompass a leasehold and, on remand, the defendants claimed that they were not liable because the name of the owner of the property identified in the exclusive agreement was K.F. Associates and not the actual owner, K.F. Associates, LLP. As such, the law of the case doctrine does not apply.

"The law of the case principle applies only to those matters essential to the appellate court's determination,

not to mere dictum." *Dacey* v. *Connecticut Bar Assn.*, 184 Conn. 21, 24, 441 A.2d 49 (1981). "[I]t is a well-recognized principle of law that the opinion of an appellate court, *so far as it is applicable*, establishes the law of the case upon a retrial, and is equally obligatory upon the parties to the action and upon the trial court." (Emphasis added.) Id., 23.

In response to the plaintiff's argument that Schwartz individually is liable, the court rightly noted that the amended complaint names Schwartz as a defendant, but does not allege a cause of action against him. Paragraph two of the amended complaint alleges that Schwartz is the "managing general partner of the defendant K.F. Associates, LLP . . . ." and paragraph four alleges that K.F. Associates, LLP, "*through Schwartz* entered into an exclusive agreement with" the plaintiff. (Emphasis added.) In their answer to the amended complaint, the defendants pleaded as to paragraph two of the complaint that "[s]o much of Paragraph 2 as alleges that Leonard J. Schwartz . . . is a partner of K.F. Associates, LLP is admitted" and pleaded in response to paragraph four that "[s]o much of Paragraph 4 as alleges Schwartz executed a contract between [the plaintiff] and K.F. Associates, [LLP] entitled 'Exclusive Right to Sell/Exchange/Lease Agreement' is admitted."[10] The court, therefore, concluded that the language from *Colliers* I on which the plaintiff relies does not mean that Schwartz was liable individually, but that he acted on behalf of the codefendant limited liability partnership. Indeed, a limited liability partnership cannot act except

---

[10] At the conclusion of evidence on remand, the court permitted the defendants to amend their answer to conform to the proof. See Practice Book § 10-62; *Wilburn* v. *Mount Sinai Medical Center*, 3 Conn. App. 284, 287, 487 A.2d 568 (1985). In their original answer to the January 5, 2000 amended complaint, the defendants admitted the allegations of paragraph two and pleaded in response to paragraph four that "[s]o much of Paragraph 4 as alleges Schwartz entered into a contract with [the plaintiff] for the sale of property on behalf of [K.F. Associates, LLP] is admitted. . . ."

through its general partner. The legal entity K.F. Associates, LLP, could not sign the exclusive agreement; Schwartz did that physical act on its behalf. The court, therefore, did not violate the law of the case or ignore the defendants' admission when it concluded that Schwartz individually was not liable to the plaintiff.

## II

The plaintiff's last claim is that the court improperly determined that Schwartz was not liable individually pursuant to § 34-327 (c). The substance of the plaintiff's claim is that, because it thought that Schwartz had signed the exclusive agreement on behalf of K.F. Associates and he did not tell the plaintiff that he was signing the agreement on behalf of K.F. Associates, LLP, Schwartz should be liable individually because he was a general partner of K.F. Associates, and general partners are jointly and severally liable. We are not persuaded.

In its amended complaint dated January 5, 2000, the plaintiff alleged that K.F. Associates, LLP, and Schwartz were the defendants in the action. It also alleged in paragraph four that "[o]n or about September 1, 1997, [K.F. Associates, LLP], *through Schwartz*, entered into an exclusive agreement with [the plaintiff] for the sale/exchange/lease of the Property." (Emphasis added.) "The interpretation of pleadings is always a question of law for the court. . . . In addition, [t]he allegations of the complaint must be given such reasonable construction as will give effect to [it] in conformity with the general theory which it was intended to follow, and do substantial justice between the parties. . . . It is axiomatic that the parties are bound by their pleadings." (Citation omitted; internal quotation marks omitted.) *O'Halloran* v. *Charlotte Hungerford Hospital*, 63 Conn. App. 460, 463, 776 A.2d 514 (2001). We agree with the court that the plaintiff alleged a cause of action against

K.F. Associates, LLP, only. The court did not ignore the defendants' admission that Schwartz signed the exclusive agreement on behalf of K.F. Associates, LLP. The fact is that the plaintiff has secured a judgment against K.F. Associates, LLP, and now asks this court to impose liability on Schwartz individually. The issue on appeal defies the very allegations of the plaintiff's amended complaint and the face of the exclusive agreement that Schwartz signed as owner, partner and duly authorized corporate agent.

Section 34-327 (c) provides in relevant part that "[s]ubject to subsection (d) of this section, a partner in a registered limited liability partnership is not liable directly or indirectly . . . for any debts, obligations and liabilities of or chargeable to the partnership . . . ." The plaintiff does not contest that the statute is plain and unambiguous in that a partner of a limited liability corporation is not liable for the debts of the partnership. Its claim is that Schwartz is culpable for failing to inform it that K.F. Associates had converted to a limited liability partnership. It cites the court's finding that the improper name of the owner of the property in the exclusive agreement was due to Schwartz's mistake. On appeal, the plaintiff argues that the mistake constitutes negligence and that personal liability should be imposed on Schwartz for his negligence pursuant to § 34-327 (d), which provides in relevant part that "[t]he provisions of subsection (c) of this section shall not affect the liability of a partner in a registered limited liability partnership for his own negligence . . . ."

There are several problems with the plaintiff's argument. First, the plaintiff did not allege a negligence cause of action against Schwartz. Second, to prevail on a negligence cause of action, the plaintiff must prove that Schwartz owed it a duty and that he breached that duty, which was the proximate cause of actual injury.

See *Roach* v. *Ivari International Centers, Inc.*, 77 Conn. App. 93, 99, 822 A.2d 316 (2003). Hypothetically, in view of the absence of any allegation of negligence and without deciding whether there is evidence to satisfy the first three elements of the tort, there is no evidence that the plaintiff has been harmed by Schwartz's mistake. Judge Satter rendered judgment in the plaintiff's favor for the amount of the debt claimed plus attorney's fees and prejudgment interest. The defendants have not challenged that judgment on appeal.

For the foregoing reasons, the court properly concluded that Schwartz was not liable individually to the plaintiff.

The judgment is affirmed.

In this opinion the other judges concurred.