TRUGREEN LANDCARE, LLC *v.* ELM CITY
DEVELOPMENT AND CONSTRUCTION
SERVICES, LLC, ET AL.
(AC 26861)

Bishop, DiPentima and Berdon, Js.

Argued November 28, 2006—officially released May 1, 2007

*William F. Gallagher*, with whom, on the brief, was *David McCarry*, for the appellants (defendants).

*Kevin M. Kennedy*, for the appellee (plaintiff).

*Opinion*

BERDON, J. The dispositive issue in this appeal is whether the defendant landlords, Elm City Development and Construction Services, LLC, and Maltby Street, LLC, collectively were the "nonprevailing party," liable for attorney's fees and costs under the terms of a real estate lease as a result of a disciplinary nonsuit entered against the landlords in a separate action to evict the plaintiff, Trugreen Landcare, LLC (tenant), from real property known as 86 Fitch Street, New Haven (premises).[1] Paragraph 16 (B) of the lease of the premises provides: "In the event of a default, breach or other dispute arising under this lease, the reasonable costs and attorneys fees for both parties shall be borne by the nonprevailing party in any suit, action, mediation, arbitration or other form of dispute resolution."

The landlords brought an action against the tenant seeking to evict it from the premises on the ground that

---

[1] The defendant Elm City Development and Construction Services, LLC, which was formerly known as 86 Fitch Street, LLC, and 75 Maltby, LLC, were the lessors of the premises. The plaintiff, Trugreen Landcare, LLC, took possession of the premises and assumed the lease through a valid assignment from a prior lessee.

the tenant breached the lease in several ways, including contaminating the soil of the property by washing equipment in an improper manner, storing salt in violation of state regulations and damaging a building. Discovery was sought, including the deposition of Paul Dispazio, the president and principal owner of the landlord companies.

Dispazio's deposition was interrupted several times because of personal telephone calls he received. He finally unilaterally terminated the deposition by throwing a copy of the lease at the tenant's counsel and storming out of the office where the deposition was being conducted. He refused to resume the deposition at another date. As a result of Dispazio's failure to continue with the deposition, the landlords in the eviction action were nonsuited.

After the landlords unsuccessfully attempted to open the nonsuit, the tenant brought the present action for damages to recover its attorney's fees and costs pursuant to paragraph 16 (B) of the lease, which provided that the nonprevailing party would be obligated to pay the same. The court found that the landlords were the nonprevailing party in the eviction proceeding and awarded the tenant $15,000 in attorney's fees plus costs of $2282.31, for a total award of $17,282.31. This appeal followed.

The landlords claim that the term "nonprevailing party," as used in the lease to assign payment of attorney's fees, does not include a party who has failed to successfully maintain an action due to a judgment of nonsuit. We disagree.

The landlords' claim raises an issue of contract interpretation for which our standard of review is well established. When, as here, "there is definitive contract language, the determination of what the parties

intended by their contractual commitments is a question of law." (Internal quotation marks omitted.) *Gateway Co.* v. *DiNoia*, 232 Conn. 223, 229, 654 A.2d 342 (1995). Accordingly, our review is plenary. See id., 230.

"The intent of the parties as expressed in a contract is determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. . . . [T]he intent of the parties is to be ascertained by a fair and reasonable construction of the written words and . . . the language used must be accorded its common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract. . . . Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity . . . . Similarly, any ambiguity in a contract must emanate from the language used in the contract rather than from one party's subjective perception of the terms." (Internal quotation marks omitted.) *Connecticut Light & Power Co.* v. *Lighthouse Landings, Inc.*, 279 Conn. 90, 109–10, 900 A.2d 1242 (2006). "Moreover, the mere fact that the parties advance different interpretations of the language in question does not necessitate a conclusion that the language is ambiguous." (Internal quotation marks omitted.) *United Illuminating Co.* v. *Wisvest-Connecticut, LLC*, 259 Conn. 665, 670, 791 A.2d 546 (2002).

It is true, as the landlords argue, that we adhere to the "American rule," which provides that "attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception." (Internal quotation marks omitted.) *Rizzo Pool Co.* v. *Del Grosso*, 240 Conn. 58, 72, 689 A.2d 1097 (1997). In this case, the clear and unambiguous language in the lease provides that the

attorney's fees and costs shall be borne by the "nonprevailing party" and therefore, by implication, shall be paid to the prevailing party.

Our Supreme Court has held that a party is a "prevailing party" when a judgment has been ordered in the party's favor, "irrespective of the route by which he received that judgment." *Wallerstein* v. *Stew Leonard's Dairy*, 258 Conn. 299, 303, 780 A.2d 916 (2001). Other jurisdictions have reached similar conclusions. "To be a prevailing party does not depend upon the degrees of success at different stages of the suit; but whether at the end of the suit, or other proceeding, the party, who has made a claim against the other, has successfully maintained it. If he has, he is the prevailing party." *Bangor & Piscataquis R.R. Co.* v. *Chamberlain*, 60 Me. 285, 286 (1872); see also *Dean Vincent, Inc.* v. *Krishell Laboratories, Inc.*, 271 Or. 356, 358, 532 P.2d 237 (1975) (concluding that prevailing party was one "in whose favor final judgment is rendered," which includes defendant who was dismissed after plaintiff moved for voluntary nonsuit).

Indeed, this case fits the mold of the plain meaning of prevailing party, which is "[t]he party who is successful or partially successful in an action, so as to be entitled to costs." Ballentine's Law Dictionary (3d Ed. 1969). At oral argument, counsel for the landlords conceded that the tenant could have taxed costs upon having been granted a nonsuit in the eviction action. Here, the tenant secured a judgment of the court in its favor and therefore was the prevailing party.

The eviction action was dismissed by nonsuit over the landlords' objection. In these circumstances, the landlords were the nonprevailing party on the basis of the clear and unambiguous meaning of that term as used in the lease.

The judgment is affirmed.

In this opinion the other judges concurred.