ROY YOUNG *v.* DEAN VLAHOS ET AL.
(AC 27324)

Flynn, C. J., and Lavine and Pellegrino, Js.

---

Argued April 23—officially released August 28, 2007

*Kevin P. Chamberlin,* for the appellant-appellee (defendant Call Center Technologies, Inc.).

*Michael R. Kaufman,* for the appellee-appellant (plaintiff).

*Opinion*

LAVINE, J. This appeal challenges the damages awarded in the wake of the breach of a commercial lease. The defendant Call Center Technologies, Inc.,[1] appeals from the judgment of the trial court awarding damages to the plaintiff, Roy Young, for unpaid rent and attorney's fees. The defendant claims that the court improperly (1) determined that the plaintiff had standing to bring the action, (2) awarded the plaintiff attorney's fees, and (3) held it liable for additional rent in the form of water and sewer charges under the terms of the lease. In his cross appeal, the plaintiff claims that the court improperly denied him damages for utility charges he incurred during the defendant's tenancy at sufferance. We affirm the judgment of the trial court.

The following facts are relevant to the parties' appeals. On August 1, 2000, pursuant to a written agreement, the defendant leased commercial space located at 559A Federal Road, Brookfield, designated as unit four, from the plaintiff. On December 7, 2000, the parties amended the lease, which required the defendant to move out of unit four by January 31, 2001, and into units two and three on February 1, 2001. The amendment adjusted the monthly rent and stated that all other terms and conditions of the original lease "shall continue in full force and effect as written." By January 1, 2002, the defendant was in default under the lease for failure to pay rent. On January 29, 2002, the plaintiff served a notice to quit possession on the defendant. After the time to quit possession of the premises had

---

[1] Dean Vlahos and Call Center Technologies, Inc., were the defendants in the trial court. The court rendered judgment in favor of Vlahos, who is not a party to this appeal. In this opinion, we refer to Call Center Technologies, Inc., as the defendant.

passed and the defendant had failed to vacate, the lessor commenced a summary process action on the basis of nonpayment of rent. The lessor prevailed at trial, and the judgment was upheld on appeal. See *Silvermine Investors, LLC* v. *Call Center Technologies, Inc.*, 81 Conn. App. 701, 841 A.2d 695 (2004).

On or about February 6, 2002, the plaintiff commenced an action for breach of the lease at issue in the summary process action, claiming that the defendant owed him additional rent and attorney's fees. On December 16, 2005, in a memorandum of decision, the court awarded the plaintiff $10,459.81 for rent due and $35,992.50 in attorney's fees related to both the summary process action and the breach of contract action. The defendant filed this appeal on January 4, 2006, and the plaintiff cross appealed. Additional facts will be set forth as necessary.

I

DEFENDANT'S APPEAL

A

The defendant first claims that the court improperly concluded that the plaintiff had standing to bring the action. Specifically, the defendant contends that the court improperly concluded that the plaintiff in this action and the lessor who brought the summary process action are the same party. Alternatively, the defendant claims that the court improperly concluded, pursuant to our General Statutes, that the plaintiff had standing to bring this action in his individual capacity. On the basis of our review of the court's memorandum of decision, we disagree that the court concluded that the plaintiff had standing to bring the action for the reasons stated by the defendant. We conclude that the court properly determined that the plaintiff was a proper party to this action because the defendant admitted in

its answer to the complaint that the plaintiff was the lessor of the subject premises.

Standing is a jurisdictional question that may be raised at any stage of a proceeding. *Missionary Society of Connecticut* v. *Board of Pardons & Paroles*, 278 Conn. 197, 201, 896 A.2d 809 (2006). "A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Cardi Materials Corp.* v. *Connecticut Landscaping Bruzzi Corp.*, 77 Conn. App. 578, 581, 823 A.2d 1271 (2003). "A party cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." (Internal quotation marks omitted.) *Goodyear* v. *Discala*, 269 Conn. 507, 511, 849 A.2d 791 (2004). "[T]he parties cannot confer subject matter jurisdiction on the court, either by waiver or by consent. . . . Standing [however] is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights." (Internal quotation marks omitted.) *Fleet National Bank* v. *Nazareth*, 75 Conn. App. 791, 793–94, 818 A.2d 69 (2003).

The following facts are relevant to the standing issue. The caption of the underlying action was *Roy Young d/b/a Silvermine Investors, LLC* v. *Dean Vlahos and Call Center Technologies, Inc.* Paragraph three of the complaint alleged: "On or about August 1, 2000, the Plaintiff, Roy Young [doing business as] Silvermine Investors, LLC, as lessor, and the [d]efendant, Dean Vlahos and/or Call Center Technologies, Inc., as lessee, entered into a written lease . . . a copy of which is attached hereto as Exhibit A . . . ." In its answer to

paragraph three, the defendant alleged: "The Defendant [Call Center Technologies, Inc.] admits only that it, as lessee, and Plaintiff, as lessor, entered into a written lease which is attached to the Complaint as Exhibit A . . . ."

The defendant raised the question of whether the plaintiff had standing to bring the action at trial. It noted that the complaint identified the plaintiff as Roy Young d/b/a Silvermine Investors, LLC, in contrast to the lease, which identifies the lessor simply as Silvermine Investors, LLC.[2] The court found that the defendant had admitted in its answer to paragraph three of the complaint that the plaintiff was the lessor. The court concluded that although the plaintiff's "use of the phrase 'Roy Young [doing business as]' seems to be a poor and superfluous choice of words, it did not confuse the defendant and does not rise to the level of a matter of standing. At most, this matter is a 'circumstantial [defect]' that should not derail the plaintiff's entire lawsuit." The court cited General Statutes § 52-123[3] and *Rock Rimmon Grange # 142, Inc.* v. *The Bible Speaks Ministries, Inc.*, 92 Conn. App. 410, 414–15, 885 A.2d 768 (2005) (when misnomer does not result in prejudice to party, defect in writ is circumstantial error).

First, we disagree with the defendant that the court concluded that the plaintiff in this action and the lessor who brought the summary process action are the same party. Second, we disagree with the defendant's claim that the court improperly concluded that the plaintiff

---

[2] The lease, which was admitted into evidence, was signed as follows: "Lessor, Silvermine Investors, LLC . . . By Roy Young," and, "Call Center Technologies, Inc. Lessee, By Dean Vlahos, President."

[3] General Statutes § 52-123 provides: "No writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause might be rightly understood and intended by the court."

had standing to bring this action pursuant to our General Statutes.[4] We agree with the court's conclusion that the plaintiff had standing to bring this action on the basis of the defendant's admission in its answer to the complaint and that the defendant was not confused or prejudiced by the name of the entity that brought the action.

"Construction of the effect of pleadings is a question of law and, as such, our review is plenary. . . . Pleadings are intended to limit the issues to be decided at the trial of a case and [are] calculated to prevent surprise. . . . [The] purpose of pleadings is to frame, present, define, and narrow the issues, and to form the foundation of, and to limit, the proof to be submitted on the trial . . . .

"Accordingly, [t]he admission of the truth of an allegation in a pleading is a judicial admission conclusive on the pleader. . . . A judicial admission dispenses with the production of evidence by the opposing party as to the fact admitted, and is conclusive upon the party making it. . . . [The] admission in a pleading or answer is binding on the party making it, and may be viewed as a conclusive or judicial admission . . . . It is axiomatic that the parties are bound by their pleadings." (Citations omitted; internal quotation marks omitted.) *Rudder* v. *Mamanasco Lake Park Assn., Inc.*, 93 Conn. App. 759, 768–69, 890 A.2d 645 (2006) (plaintiffs admitted in answer defendants had easement rights as

[4] In its appellate brief, the defendant contends that the plaintiff is not a proper party to this action pursuant to General Statutes §§ 34-134, 34-186 and 34-187. It concedes, however, that it did not raise this claim at trial. Although this claim concerns the construction of statutes, which is a question of law that we may address on appeal even without the benefit of the trial court's analysis; see *State* v. *Crespo*, 246 Conn. 665, 687, 718 A.2d 925 (1998), cert. denied, 525 U.S. 1125, 119 S. Ct. 911, 142 L. Ed. 2d 909 (1999); we need not reach this claim because we have concluded that the defendant admitted that the plaintiff was the lessor, which is the relevant allegation in the complaint.

asserted in counterclaim). "The determination of whether a party's statement is a judicial admission or an evidentiary admission is a question of fact for the trial court. . . . Even when our review is plenary, factual findings of the trial court that underlie that determination are entitled to the same deference on appeal that other factual findings command." (Citation omitted; internal quotation marks omitted.) *Duplissie* v. *Devino*, 96 Conn. App. 673, 685, 902 A.2d 30 (trial court found defendant admitted plaintiff's cause of action accrued on date certain), cert. denied, 280 Conn. 916, 908 A.2d 536 (2006). Our review of the record discloses that the court's finding that the defendant admitted that the plaintiff was the lessor of the subject premises is supported by the record. See also *Edmands* v. *CUNO, Inc.*, 277 Conn. 425, 454, 892 A.2d 938 (2006) (plaintiff admitted in answer to counterclaim that he and corporate entity were liable). "[F]actual allegations contained in pleadings upon which the case is tried are considered judicial admissions and hence irrefutable as long as they remain in the case." (Internal quotation marks omitted.) Id. Of course, it is true, as the defendant points out, that parties cannot waive the issue of standing. Here, the parties did not waive the plaintiff's standing to initiate the action. By admitting that the plaintiff was the lessor of the premises, the defendant dispensed with the need to prove that fact and its admission was conclusive.

In support of its position on appeal, the defendant has cited a number of Superior Court cases in which the trial courts have granted motions to dismiss actions that were brought in the name of an entity other than that of the limited liability company. See, e.g., *Maile* v. *Webster Bank, N.A.*, Superior Court, judicial district of New Britain, Docket No. CV-04-0527763-S (February 10, 2005) (action brought in name of member of, not name of, limited liability company); *Randolph Foundation* v.

*Appeal from Probate Court of Westport,* Superior Court, judicial district of Stamford-Norwalk, Docket No. CV-98-0167903-S (April 3, 2001) (plaintiff not legal entity authorized to sue); *Crozier* v. *Gattoni,* Superior Court, judicial district of Waterbury, Docket No. CV-97-0142985-S (October 6, 2000) (action brought in name of member of, not name of, limited liability company). Those Superior Court cases stand on a procedural footing different from the case before us. In *Crozier,* for example, the defendants brought to the court's attention before they filed an answer to the complaint the fact that the individual plaintiff was not the party with whom they had contracted. The court in that case ruled on a motion to dismiss and was not faced with a judicial admission of a conclusive issue of fact.

Furthermore, we agree with the court that the defendant was not confused by the allegations of the complaint and that the use of "Roy Young d/b/a Silvermine Investors, LLC," was a circumstantial defect amenable to § 52-123. "Section 52-123 is a remedial statute and therefore must be liberally construed in favor of those whom the legislature intended to benefit. . . . Our Supreme Court has explained that § 52-123 replaces the common law rule that deprived courts of subject matter jurisdiction whenever there was a misnomer . . . in an original writ, summons or complaint. . . . When a misnomer does not result in prejudice to a party, the defect in the writ is circumstantial error." (Citation omitted; internal quotation marks omitted.) *Western Boot & Clothing Co.* v. *L'Enfance Magique, Inc.,* 81 Conn. App. 486, 492, 840 A.2d 574, cert. denied, 269 Conn. 903, 852 A.2d 737 (2004). The misnomer in this case, which the court described as "a poor and superfluous choice of words," was "Roy Young d/b/a." By admitting in its answer that the plaintiff was the lessor, the defendant knew that Silvermine Investors, LLC, was the party in interest.

We conclude, therefore, that the court properly determined that the plaintiff had standing to bring the action and that the circumstantial defect in the complaint did not confuse or otherwise prejudice the defendant.

## B

The defendant next claims that the court improperly awarded attorney's fees to the plaintiff. Specifically, the defendant contends that the court improperly required the defendant to reimburse the plaintiff for attorney's fees pursuant to a lease that was no longer in effect. We are not persuaded.

Connecticut adheres to the "American rule," which provides that "attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception." (Internal quotation marks omitted.) *Truegreen Landcare, LLC* v. *Elm City Development & Construction Services, LLC*, 101 Conn. App. 11, 14, 919 A.2d 1077 (2007). When a contract expressly provides for the recovery of reasonable attorney's fees, an award under such a clause requires an evidentiary showing of reasonableness. *Buccino* v. *Cable Technology, Inc.*, 25 Conn. App. 676, 679, 595 A.2d 376 (1991). "A trial court may rely on its own general knowledge of the trial itself to supply evidence in support of an award of attorney's fees. . . . The amount of attorney's fees to be awarded rests in the sound discretion of the trial court and will not be disturbed on appeal unless the trial court has abused its discretion." (Citation omitted; internal quotation marks omitted.) Id. "Sound discretion, by definition, means a discretion that is not exercised arbitrarily or wilfully, but with regard to what is right and equitable under the circumstances and the law . . . ." (Internal quotation marks omitted.) *Krasowski* v. *Fantarella*, 51 Conn. App. 186, 199–200, 720 A.2d 1123 (1998), cert. denied, 247 Conn. 961, 723 A.2d 815 (1999).

"Service of a notice to quit possession is typically a landlord's unequivocal act notifying the tenant of the termination of the lease." *Housing Authority* v. *Hird*, 13 Conn. App. 150, 155, 535 A.2d 377, cert. denied, 209 Conn. 825, 552 A.2d 433 (1988). Upon service of a notice to quit possession, the lease is terminated and a tenancy at sufferance is created. Id. Termination of a lease, while releasing a tenant from his obligations under the lease, does not leave the landlord without legal recourse to recover damages. *Rokalor* v. *Connecticut Eating Enterprises, Inc.*, 18 Conn. App. 384, 389, 558 A.2d 265 (1989). "A landlord's termination of a tenant's possessory rights, based on breach of a rental covenant, will not be construed as a waiver of the landlord's rights under the lease." *Zitomer* v. *Palmer*, 38 Conn. Sup. 341, 344, 446 A.2d 1084 (1982). The measure of damages awarded "should place the injured party in the same position as he would have been in had the contract been fully performed." *Rokalor* v. *Connecticut Eating Enterprises, Inc.*, supra, 389.

The defendant has argued that because the present action seeks to recover expenses related to the period of time the defendant occupied the premises after the plaintiff terminated the lease, or when the defendant was a tenant at sufferance, the plaintiff is not contractually entitled to attorney's fees. Relying on *Buccino* v. *Cable Technology, Inc.*, supra, 25 Conn. App. 679, the defendant maintains that any lease providing for attorney's fees is unenforceable once it has been terminated. In *Buccino*, however, the lease provided that attorney's fees were recoverable only when the lessors were required to employ an attorney to enforce a provision of the lease. Id.

In the case before us, the lease provides: "If either the Lessee or the Lessor shall at any time be in default hereunder . . . and if the other party . . . shall institute an action of summary process against the

defaulting party based upon such default, or otherwise employ the services of an attorney in regard to said default, then the defaulting party will reimburse the Lessor or the Lessee, as the case may be, for the expense of attorney's fees and disbursements thereby incurred by the nondefaulting party, so far as the same are reasonable in amount." The lease does not limit the recovery of attorney's fees to those fees incurred to enforce provisions of the lease and, thus, is distinguishable from the lease in *Buccino*. The court, therefore, properly determined that the plaintiff was entitled to attorney's fees.

In awarding attorney's fees, the court took notice of the summary process action, the language of both the lease and the complaint and the terms of the lease itself. After tallying the amount of attorney's fees requested, the court reduced the amount by 20 percent because the "lack of clarity in the lease contributed to some of the litigation" and denied any attorney's fees associated with the drafting of the complaint, which had been the source of innumerable problems. The court also denied the plaintiff certain costs incurred in the summary process action, as they were not alleged in the complaint.

We conclude that the court properly concluded that the plaintiff was entitled to attorney's fees and properly exercised its sound discretion in determining the amount of attorney's fees it awarded.

C

The defendant's last claim is that the court improperly found it liable for "additional rent" consisting of sewer and water charges during its tenancy at sufferance. Specifically, the defendant asserts that a tenant at sufferance cannot be held liable for rental charges incurred during its tenancy at sufferance. We do not agree.

We generally review a court's award of damages under the abuse of discretion standard. When, however,

a damages award is challenged on the basis of a question of law, our review is plenary. *Motherway* v. *Geary*, 82 Conn. App. 722, 726, 846 A.2d 909 (2004).

As noted in part I B, "A landlord's termination of a tenant's possessory rights, based on breach of a rental covenant, will not be construed as a waiver of the landlord's rights under the lease." *Zitomer* v. *Palmer*, supra, 38 Conn. Sup. 344; see *Club Road Corp.* v. *Whitehead*, 34 Conn. Sup. 580, 583, 378 A.2d 110 (1977). The measure of damages awarded should place the injured party in the same position as the party would have been in had the contract been performed fully. *Rokalor* v. *Connecticut Eating Enterprises, Inc.*, supra, 18 Conn. App. 389. Here, the court found that § 4 of the lease identified water and sewer charges as "additional rent" and declared that under the basic contract principles articulated in *Rokalor*, the plaintiff was entitled to posteviction damages in proven charges for water usage, sewer usage and sewer assessments.

To support its claim that it should not be held liable for the additional rent consisting of sewer and water charges, the defendant asserts that according to *Welk* v. *Bidwell*, 136 Conn. 603, 609, 73 A.2d 295 (1950), a tenant at sufferance cannot be held liable for charges incurred during its tenancy at sufferance. The "tenant at sufferance . . . was not liable for any stipulated rent. . . . His obligation was to pay the reasonable rental value of the property which he occupied." Id. The defendant's reliance on *Welk* is misplaced. In *Welk*, the landlord terminated the lease of a nondefaulting tenant before the lease had expired. Id., 607. Here, the plaintiff terminated the lease because of the tenant's default. Although not recoverable as such, rent specified in a lease may be used by the court in calculating the losses suffered by the plaintiff by reason of the

defendant's breach of the lease. General Statutes § 47a-26b (c) provides in relevant part that "[t]he last agreed-upon rent shall be prima facie evidence of the fair rental value of the premises. The party claiming a different amount shall have the burden of proving that the last agreed-upon rent is not the fair rental value. . . ."

The defendant has offered no evidence that the agreed upon rent in this case was not the fair rental value of the premises. The court concluded that there was no use and occupancy figure with which to "form a baseline for the defendant's liability or setoff in this case." The court calculated its award of the additional rent by considering the lease, the facts of the case and the absence of evidence that the defendant had set any use and occupancy rate or paid any use and occupancy fee.

Our review of the record leads us to conclude that the court properly determined that additional rent was due the plaintiff and properly calculated the amount of additional rent.

II

PLAINTIFF'S CROSS APPEAL

In his cross appeal, the plaintiff asserts that the court improperly determined that the defendant was not obligated under the lease to pay for natural gas charges incurred by the plaintiff after the lease was terminated because the defendant was bound (1) to purchase natural gas for its benefit and (2) to prevent damage to the premises if they were not heated. The court concluded that the plaintiff failed to show by a fair preponderance of the evidence that the defendant was liable to him for natural gas charges incurred during the tenancy at sufferance. We disagree with the plaintiff's claim.

When a damages award is challenged on the basis of a question of law, our review is plenary. *Motherway* v.

*Geary,* supra, 82 Conn. App. 726. A lease is subject to the same rules of construction as other contracts. *Middlesex Mutual Assurance Co.* v. *Vaszil,* 279 Conn. 28, 35, 900 A.2d 513 (2006). We apply the clearly erroneous standard to the court's fact-finding. *Putnam Park Associates* v. *Fahnestock & Co.,* 73 Conn. App. 1, 11, 807 A.2d 991 (2002).

In denying the damages at issue, the court examined not only the provisions of the lease but also the complaint. "It is fundamental in our law that the right of a plaintiff to recover is limited to the allegation of [its] complaint. . . . The purpose of the complaint is to limit the issues to be decided at the trial of a case and is calculated to prevent surprise. . . . [T]he interpretation of pleadings is always a question of law for the court. . . . Our review of the trial court's interpretation of the pleadings therefore is plenary." (Citations omitted; internal quotation marks omitted.) *Suffield Development Associates Ltd. Partnership* v. *National Loan Investors, LP,* 97 Conn. App. 541, 562, 905 A.2d 1214, cert. denied, 280 Conn. 942, 943, 912 A.2d 479 (2006). "It is axiomatic that the parties are bound by their pleadings." (Internal quotation marks omitted.) *Colliers, Dow & Condon, Inc.* v. *Schwartz,* 88 Conn. App. 445, 455, 871 A.2d 373 (2005).

Paragraph five of the complaint alleged: "Further, as additional rent, the Lease purports the Defendant-Lessor to procure and pay the cost of all gas, oil, heat, electric, telephone, power, air-conditioning, interior trash removal, and other utilities." In its memorandum of decision, the court stated: "The lease does not identify natural gas charges as 'additional rent,' but rather, in paragraph nineteen, states only that the lessee shall pay for its own gas and other utilities. Although it is understandable that the plaintiff chose to ensure that the rented space remain heated when the defendant failed to pay for the necessary gas heat, neither the lease

nor the complaint makes it clear that the defendant is liable for the gas bills under these circumstances."[5]

Faced with the unclear allegations of the complaint and the provisions of the lease, the court properly applied the well established rule that ambiguous language should be construed against the drafter. See *R. T. Vanderbilt Co.* v. *Continental Casualty Co.*, 273 Conn. 448, 465 n.25, 870 A.2d 1048 (2005). Because the plaintiff drafted both the lease and the complaint, the court properly construed them in favor of the defendant. See, e.g., *Goldberg* v. *Hartford Fire Ins. Co.*, 269 Conn. 550, 562, 849 A.2d 368 (2004) (ambiguity construed against party that drafted instrument).

On the basis of our review of the relevant provisions of the lease, the pleadings and the facts in the record, we conclude that the court properly determined that the plaintiff failed to prove by a fair preponderance of the evidence that the defendant was liable to him for natural gas charges that he incurred during the tenancy at sufferance.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] Our review of the lease reveals one provision entitled "additional rent," which refers only to the cost of insurance. Paragraph four of the lease mentions additional rent in the context of a holdover period *prior* to the expiration of the lease.