## STATE OF CONNECTICUT *v.* DAVID MORELAND

Superior Court, Judicial District of Fairfield at Bridgeport—
File Nos. FA93-0301602S, FA87-0245810S, FA93-0303639S,
FA95-0325677S, FA93-0304994S

Memorandum filed January 3, 2003

*Kenneth A. Graham* and *Leo T. Budnick, Jr.*, assistant attorneys general, with whom was *Richard Blumenthal*, attorney general, for the state.

*Dominick F. Burke* and *William M. Burke*, for the defendant.

## INTRODUCTION

HILLER, J. This matter comes before the court pursuant to General Statutes § 46b-231 (n) as an appeal by the defendant, David Moreland, from a decision of the family support magistrate dated May 24, 2001. Specifically, the appeal is from the magistrate's ruling on the defendant's contest of the lien of the department of social services (social services) under General Statutes § 52-362d on the proceeds of the defendant's settlement of a negligence action and the magistrate's ruling on the state's motion for turnover of those proceeds.

After a hearing, the magistrate made the following findings relevant to this appeal. The defendant, on March 9, 1998, while walking on a sidewalk, suffered injuries when a car, operated by a drunk driver, hit him. At the time, he had several cases pending in the Family

Support Division of the Superior Court for unpaid support. His child support arrearages exceeded $80,000.

In July, 1998, the defendant brought an action for the injuries he sustained. On October 16, 1998, the department of administrative services (administrative services) notified his attorney that pursuant to General Statutes § 17b-94, it had a lien on any recovery. On October 21, 1998, administrative services sent the defendant's attorney a follow-up letter which advised that its lien was limited to 50 percent of the defendant's net proceeds from his lawsuit, or the amount due, whichever was less. On February 26, 1999, after receipt of the letters from administrative services, the defendant settled his claim for $90,000. The net proceeds after deduction of expenses and counsel fees were sent to and are held by his attorney. On March 31, 1999, administrative services sent two more letters regarding the § 17b-94 repayment, the first confirming its agreement with the defendant's proposed settlement statement and the second indicating that payment should be made through the Support Enforcement Division of the Superior Court.

On March 31, 1999, social services sent a letter to the defendant's counsel. This letter notified the defendant that, pursuant to § 52-362d, the entire net proceeds of the settlement, $47,000, were due and payable to the state of Connecticut for its support liens. On April 7, 1999, social services sent the defendant formal notice of the lien and of his right to a hearing. On April 12, 1999, administrative services advised the defendant by letter that it was withdrawing its previously asserted § 17b-94 lien.

Administrative services is the state agency charged with administration and enforcement of the state's statutory liens for reimbursement of public assistance as set forth in General Statutes §§ 17b-93 and 17b-94. The state's claim for reimbursement of public assistance

benefits from proceeds of a cause of action of a beneficiary of aid, provided in § 17b-94, is limited to 50 percent of the net proceeds of a cause of action. Administrative services' collections and revenue enhancement department is charged with the administration and enforcement of administrative liens for reimbursement of public assistance.

Social services' child support department enforces social services' liens for collection of court-ordered past due child support pursuant to § 52-362d. When an arrearage on court-ordered child support is $500 or more, § 52-362d applies allowing a lien to be placed on all property, both real and personal. Section 52-362d does not contain the 50 percent limit of § 17b-94.

Social services did not, neither at any time nor in any manner, advise the defendant that its lien or its recovery was, or would be, limited in any way, or that payment of anything less than the full amount due would be required.

### STANDARD OF REVIEW

The present appeal is brought pursuant to § 46b-231 (n). The appeal is confined to the record and is not a de novo hearing. General Statutes § 46b-231 (n) (6). The scope of the court's review is restricted by the substantial evidence rule; i.e., the credibility of witnesses is within the province of the underlying adjudicator, and if evidence exists which reasonably supports the decision, that decision must be upheld. *Connecticut Light & Power Co.* v. *Dept. of Public Utility Control,* 219 Conn. 51, 57, 591 A.2d 1231 (1991); *Katzen* v. *Ciccia,* Superior Court, judicial district of Fairfield at Bridgeport, Docket No. FA89-0264884 (March 2, 1993) (8 C.S.C.R. 453, 453–54) (*Moran, J.*).

### APPLICABILITY OF § 52-362d

The defendant claims that the family support magistrate erred in finding that § 52-362d and not § 17b-94 applied to the present case.

Sections 17b-93 and 17b-94, administered and enforced by administrative services, allow administrative services to place a lien on a cause of action for 50 percent of the net proceeds obtained by a beneficiary of state aid from programs such as Aid to Families with Dependent Children. The magistrate correctly determined that "[t]his section applies to the amount of assistance paid out on the case and does not reflect the state's interest in pursuing the balances on court-ordered arrearages." Moreover, § 17b-93 provides that the lien against property of the parents of aid to dependent children beneficiaries is *"in addition and not in substitution of its claim, for amounts owing under any order for support* of any court or any family support magistrate, including any arrearage under such order . . . ." (Emphasis added.) General Statutes § 17b-93 (a).

Section 52-362d applies when orders of support are to be paid to the state by and through the Title IV-D agency and the obligor owes past due support of $500 or more. In such circumstances, the state is provided with a 100 percent lien on any property, real or personal, in which such person has an interest. This statute is separate and distinct from § 17b-93, and any § 17b-93 lien would be in addition to a lien for past due support obligations. Moreover, § 52-362d (d) and (e) were adopted as "one component of a comprehensive child support enforcement plan mandated by Title IV-D of the Social Security Act, 42 U.S.C. § 651 et seq." *Jarmon* v. *Commissioner of Social Services,* 47 Conn. Sup. 492, 497, 807 A.2d 1109 (2002). It was part of the legislature's effort to satisfy the requirement of "[t]he Child Support Enforcement Amendments of 1984 . . . to establish . . . statutory procedures for withholding from income amounts payable as support . . . for imposing liens against real and personal property for amounts of overdue support . . . ." Public Law 98-378, § 466 (a)."

*Turner* v. *Turner*, 219 Conn. 703, 713–14 n.8, 595 A.2d 297 (1991).

Here, the defendant was in arrears in excess of $80,000 of his court-ordered support obligation. As a result, § 52-362d provides social services with a 100 percent lien over all of the defendant's personal property. The clear language of § 52-362d, together with the strong public policy of the state to secure payment of support to which children are entitled from their parents, support the magistrate's conclusion that § 52-362d was applicable to social services' claim.

Citing *Westchester Fire Ins. Co.* v. *Allstate Ins. Co.*, 236 Conn. 362, 672 A.2d 939 (1996), the defendant also claims that permitting the state to impose a lien on the settlement proceeds was error because assignments of causes of action for personal injuries are not permitted under Connecticut law. The magistrate correctly determined that the holding of *Westchester Fire Ins. Co.* was not applicable to the present case because the lien was placed on proceeds already paid to and deposited into the defendant counsel's account, no assignment had occurred, the defendant's "interest in the money that is being held by his counsel in the personal injury matter is personal property subject to the state's rights to lien such property," and § 52-362d was an appropriate provision upon which the state could rely. "Property" is defined in the relevant statute as "any real or personal property in which the judgment debtor has an interest which he could assign or transfer . . . ." General Statutes § 52-350a (16). Proceeds in the attorney's account, without question, could be transferred or assigned. With provision of the required statutory notice of the lien and of the defendant's right to a hearing in the April 7, 1999 letter to him, all prerequisites to the finalizing of the lien were completed. See *Jarmon* v. *Commissioner of Social Services*, supra, 47 Conn. Sup. 492.

## ESTOPPEL

The defendant also claims that the magistrate erred in finding that the state was not estopped from claiming a § 52-362d lien over the entire proceeds. He claims that social services should not be permitted to prevail on its lien because he relied on the information provided in letters from administrative services, which indicated that its lien was limited to 50 percent of the net proceeds of the settlement. As found by the magistrate, however, administrative services' correspondence expressly stated that the lien to which it referred was the § 17b-94 lien for reimbursement of state assistance benefits and that it did not refer to or discuss a lien for past due support.

Estoppel requires that "one party must do or say something which is intended or calculated to induce another to believe in the existence of certain facts and to act on that belief, and that the other party, influenced thereby, must change his position or do some act to his injury which he otherwise would not have done" *Bozzi* v. *Bozzi*, 177 Conn. 232, 242, 413 A.2d 834 (1979). "It is fundamental that a person who claims an estoppel must show that he has exercised due diligence to know the truth, and that he not only did not know the true state of things but also lacked any reasonably available means of acquiring knowledge." (Internal quotation marks omitted.) *In re Michaela Lee R.*, 253 Conn. 570, 604, 756 A.2d 214 (2000).

Section 52-362d, providing the state with a lien on all of the property of a person who owes past due court-ordered child support, was adopted before the date of the defendant's accident, before the date he brought suit and before the date of the settlement. The defendant was aware of his failure to make the ordered support payments. The exact amount due and the provisions for the state's lien to recover the same provided in § 52-362d were readily available to him and

his counsel. The magistrate was correct in denying the claim of estoppel because the defendant did not exercise due diligence and was not justified in believing the administrative services' correspondence would prevent the state from collecting the past due support. In addition, the defendant unreasonably failed to appreciate and/or ignored the language of § 17b-93 providing that the state's lien against parents of an aid to dependent children beneficiary was in addition to, and not in substitution of, the state's claim for amounts due and owing under any order for support.

## CONCLUSION

Accordingly, the appeal is hereby dismissed.