OSWALL TORRES *v.* RICHARD S. KUNZE, JR., ET AL.
(AC 28440)

Harper, Lavine and Beach, Js.

Argued January 15—officially released April 8, 2008

*Sebastian C. Ciarcia*, for the appellant (plaintiff).

*Michael T. McCormack*, with whom were *Elizabeth K. Adams* and, on the brief, *Natalie G. Noyes*, for the appellee (defendant Geico Indemnity Company).

*Opinion*

LAVINE, J. This appeal concerns the applicability of General Statutes § 52-362d (d), which addresses liens

against property for unpaid child support, to the settlement proceeds of a personal injury action. The plaintiff, Oswall Torres, appeals from the trial court's summary judgment, rendered in favor of the defendant Geico Indemnity Company (Geico).[1] The court granted Geico's motion for summary judgment after concluding that there was no genuine issue of material fact and that Geico was entitled to judgment as a matter of law because it was statutorily obligated, pursuant to § 52-362d (d), to withhold settlement proceeds from the plaintiff, a child support obligor. On appeal, the plaintiff claims that because Geico entered a settlement agreement with him before it received notice of his arrearages, the court improperly concluded that § 52-362d (d) was controlling. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the plaintiff's appeal. In April, 2003, the plaintiff sustained injuries in a motor vehicle accident involving the defendant Richard S. Kunze, Jr., who was insured by Geico. On March 28, 2005, the parties entered a settlement agreement under which the plaintiff executed a general release, and Geico agreed to pay the plaintiff $13,000 on behalf of Kunze. Unbeknownst to Geico, the plaintiff was a delinquent child support obligor who owed $3304 in arrearages.

Fourteen days after the release was executed, Debbie Beaudu, a claims examiner for Geico, contacted the child support lien network (network),[2] as required by

---

[1] The plaintiff brought this action against Richard S. Kunze, Jr., Kimberly Bazzano-Kunze and Geico Indemnity Company.

[2] Established in 1999 by the state of Rhode Island, the child support lien network combines data from delinquent child support obligor records into a database for the purpose of intercepting insurance settlements owed to delinquent child support obligors. When a potential payee is found to be an obligor, insurance company personnel forward the claim information to the network, which notifies the state's child support enforcement authorities. The state then takes action to intercept the settlement proceeds prior to disbursement to the claimant. See www.childsupportliens.com.

Geico's company policy, to determine whether there were any outstanding liens on the settlement proceeds to be disbursed to the plaintiff. The network informed Beaudu that the state had placed a $3304 lien for overdue child support payments against settlement proceeds owed to the plaintiff. By a letter of April 11, 2005, Beaudu notified the plaintiff's counsel that Geico would not issue payment until the plaintiff had resolved his child support lien with the state. Subsequently, Beaudu telephoned the bureau of child support enforcement, a IV-D agency,[3] whose personnel confirmed the state's lien against the settlement proceeds. On May 9, 2005, an investigator for the bureau sent notices to withhold insurance assets to Geico and the plaintiff.

In June, 2005, the plaintiff initiated the present action, alleging, as against Geico, claims for breach of contract, unfair trade practices and unfair insurance practices for Geico's failure to pay him the proceeds in accordance with the settlement agreement. On August 16, 2005, the plaintiff filed a motion for summary judgment, which the court, *Wiese, J.*, denied, finding "the record disclose[d] that the state of Connecticut, bureau of child support enforcement, acting pursuant to § 52-362d (d), has instructed [Geico] to withhold the plaintiff's proceeds." On November 3, 2006, Geico filed a motion for summary judgment. On December 18, 2006, the court, *Dunnell, J.*, granted this motion, concluding that Geico was entitled to judgment as a matter of law because it had been statutorily obligated to withhold the plaintiff's settlement proceeds.

The plaintiff subsequently filed the present appeal, claiming that the court should not have granted Geico's summary judgment motion because Geico breached the

---

[3] General Statutes § 46b-231 (b) (12) provides that "IV-D agency" means the bureau of child support enforcement within the department of social services, created by General Statutes § 17b-179 and authorized to administer the child support program mandated by Title IV-D of the Social Security Act.

settlement agreement and violated General Statutes § 52-195c[4] when it failed to tender settlement proceeds to him within thirty days of the March 28, 2005 agreement. The plaintiff argues that because Geico learned of his arrearages through its initiative rather than by the method described in § 52-362d (d), which involves a IV-D agency, its withholding of settlement proceeds was improper. We do not agree.

As a preliminary matter, we set forth the applicable standard of review. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . Our review of the trial court's decision to grant [a] defendant's motion for summary judgment is plenary." (Internal quotation marks omitted.) *ATC Partnership* v. *Coats North America Consolidated, Inc.*, 284 Conn. 537, 544, 935 A.2d 115 (2007).

In addition, because this appeal involves statutory interpretation, we employ our well settled principles of statutory construction. "The meaning of a statute shall, in the first instance, be ascertained from the text of the

---

[4] General Statutes § 52-195c (a) provides in relevant part: "When an action to recover damages has been settled, any settling defendant shall tender all sums due from such settling defendant to any settling plaintiff or such plaintiff's agent not later than thirty days after receipt by the person or office designated in writing to the settling plaintiff or such plaintiff's agent by the settling defendant at the time of settlement of a duly executed release and a withdrawal discontinuing any court action, if any such action is pending, that are tendered by such settling plaintiff or plaintiff's agent and are executed by or on behalf of the settling plaintiff. . . ."

statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." General Statutes § 1-2z. "Statutes are to be construed consistently with other relevant statutes, because we presume that the legislature intended to create a coherent body of law." (Internal quotation marks omitted.) *In re Bruce R.*, 234 Conn. 194, 207, 662 A.2d 107 (1995). "A statute is passed as a whole and not in parts or sections and is animated by one general purpose and intent. Consequently, each part or section should be construed in connection with every other part or section so as to produce a harmonious whole. Thus, it is not proper to confine interpretation to the one section to be construed." (Internal quotation marks omitted.) Id.

In this case, the court concluded that § 52-362d (d) was controlling. This statute provides in relevant part that "[w]henever an order of the Superior Court or a family support magistrate of this state, or an order of another state that has been registered in this state, for support of a minor child or children is issued and such payments have been ordered through the IV-D agency, and the obligor against whom such support order was issued owes overdue support under such order in the amount of five hundred dollars or more, *the IV-D agency, as defined in subdivision (12) of subsection (b) of section 46b-231, or Support Enforcement Services of the Superior Court may notify* (1) any state or local agency with authority to distribute benefits to such obligor including, but not limited to, unemployment compensation and workers' compensation, (2) *any person having or expecting to have custody or control of or authority to distribute any amounts due such obligor under any judgment or settlement,* (3)

any financial institution holding assets of such obligor, and (4) any public or private entity administering a public or private retirement fund in which such obligor has an interest that such obligor owes overdue support in a IV-D support case. *Upon receipt of such notice, such agency, person, institution or entity shall withhold delivery or distribution of any such benefits, amounts, assets or funds until receipt of further notice from the IV-D agency.*" (Emphasis added.) General Statutes § 52-362d (d).

The plaintiff urges that § 52-195c, not § 52-362d (d), should control because the particular notification provisions of § 52-362d (d), which the plaintiff asserts are needed to trigger withholding, were never triggered. Conceding that § 52-362d (d) required Geico to withhold proceeds from him once it was notified of the overdue child support payments, the plaintiff nonetheless insists that Geico's withholding improperly preceded the IV-D agency's notification to Geico. According to the plaintiff, because Geico was not required to obtain information about his delinquency status, it was barred from withholding payment even after acquiring such information.

The plaintiff's assertion that § 52-362d (d) requires an insurer to withhold settlement proceeds only upon receipt of notice from a IV-D agency does not comport with the plain language of the statute. Section 52-362d (d) requires that a party notified of a claimant's child support arrearages withhold payment to that claimant. Although the statute provides that a IV-D agency may notify any person having authority to distribute amounts to a support obligor to withhold distribution of such amounts, it does not prohibit payors from acquiring this information through alternative means. The plain and unambiguous text of § 52-362d (d) thus undermines the plaintiff's claim.

The plaintiff's contention that Geico was bound to honor the settlement agreement because the formation of the agreement preceded the bureau's notification is unavailing. Geico demonstrated that as soon as it became aware of the plaintiff's status as a child support obligor, it was required by § 52-362d (d) to withhold the plaintiff's settlement proceeds. Moreover, because § 52-362d (d) was adopted before the date of the plaintiff's accident, before the date he brought suit and before the date of the settlement, the provisions for the state's lien to recover overdue child support payments as provided in § 52-362d (d) were readily available to the plaintiff and his counsel. See *State* v. *Moreland,* 47 Conn. Sup. 583, 586, 817 A.2d 767 (2003).

Finally, it is clear from examining the statute in context that "Connecticut child support enforcement legislation clearly evinces a strong state policy of ensuring that minor children receive the support to which they are entitled. See, e.g. . . . General Statutes §§ 52-362b, 52-362c and 52-362f (child support can be withheld from paychecks of parents or from unemployment compensation); General Statutes § 52-362e (unpaid support obligations can be deducted from federal and state income tax refunds); General Statutes § 52-362d (a) (lien may be placed on 'any property, real or personal' of obligor who owes $500 or more of child support); General Statutes § 52-362d (b) (delinquencies of parent-obligor in excess of $1000 may be reported to consumer reporting agencies); General Statutes § 52-362d (c) (lottery winnings of delinquent parent will be reduced by amount of child support owed); General Statutes § 52-362i (court may order parent-obligor to provide cash deposit to be held in escrow by Connecticut child support enforcement bureau) . . . ." (Citations omitted.) *In re Bruce R.,* supra, 234 Conn. 209–10. These statutory provisions form a consistent body of law clearly demonstrating the legislature's desire to ensure that child support obligors pay arrearages from sums owed to them.

"[I]t is hard to imagine a more compelling state interest than the support of its children." (Internal quotation marks omitted.) *Jarmon* v. *Commissioner of Social Services*, 47 Conn. Sup. 492, 503, 807 A.2d 1109 (2002). For the foregoing reasons, we conclude that the court properly granted Geico's motion for summary judgment.

The judgment is affirmed.

In this opinion the other judges concurred.