## SUZANNE BARBER *v.* NELSON BARBER
### (AC 29853)

Bishop, DiPentima and Peters, Js.

Argued February 9—officially released May 5, 2009

*Donald A. Mitchell,* for the appellant (plaintiff).

*James Ryan Mulvey,* for the appellee (defendant).

*Opinion*

PETERS, J. Although Connecticut generally permits a creditor to enforce a money judgment against any property of the adjudged debtor; see General Statutes § 52-350f;[1] most family support judgments are exempt from this rule. See General Statutes § 52-350a (13).[2] Accordingly, our Supreme Court has held that a family support judgment that is based on a stipulated agreement by the parties "is to be regarded and construed as a contract." *Barnard* v. *Barnard,* 214 Conn. 99, 109, 570 A.2d 690 (1990). The dispositive issue in this case is whether the trial court properly relied on these governing principles in concluding that a former spouse may not enforce a judgment incorporating a

[1] General Statutes § 52-350f provides in relevant part: "A money judgment may be enforced against any property of the judgment debtor unless the property is exempt from application to the satisfaction of the judgment under . . . any other provision of the general statutes or federal law. . . ."

[2] General Statutes § 52-350a (13) provides in relevant part: " 'Money judgment' means a judgment, order or decree of the court calling in whole or in part for the payment of a sum of money, other than a family support judgment. Money judgment includes . . . in IV-D cases, overdue support in the amount of five hundred dollars or more accruing after the entry of an initial family support judgment." The term "IV-D" refers to child support enforcement through the department of social services, pursuant to title IV-D of the federal Social Security Act. See General Statutes § 46b-231 (b) (12); see also *Torres* v. *Kunze,* 106 Conn. App. 802, 805 n.3, 945 A.2d 472 (2008).

stipulated agreement for child support without introducing evidence of the arrearage allegedly outstanding and unpaid. We affirm the judgment of the court.

On June 4, 2004, the plaintiff, Suzanne Barber, filed a two count complaint[3] alleging that the defendant, her former husband, Nelson Barber, owed her in excess of $15,000 in unpaid child support and alimony pursuant to a stipulated separation agreement incorporated into the judgment that dissolved their marriage in 1992. The defendant filed two special defenses alleging that (1) he had paid all sums due under the agreement and (2) the plaintiff's acquiescence in the payments that he had made estopped her from claiming further support payments.

At trial, the plaintiff rested her case after placing into evidence the dissolution judgment and agreement. She offered no evidence to show that the defendant was in arrears. Pursuant to Practice Book § 15-8, the defendant moved to dismiss for failure to make out a prima facie case and then rested without offering further proof. The plaintiff appeals from the judgment of the court granting the defendant's motion to dismiss.

The underlying facts are not in dispute. The parties' marriage was dissolved on February 5, 1992, by a decree that incorporated the parties' agreement obligating the defendant periodically to make child support and alimony payments to the plaintiff until their minor child reached the age of majority. Although the parties disagree about whether the defendant has complied with his obligations under the agreement, that disagreement is not before us in this appeal.

---

[3] The first count alleged that the defendant had failed and neglected to pay sums due under a judgment, while the second count alleged that the defendant had failed and neglected to pay sums due under a written agreement between the parties.

The issue before us is whether, in light of applicable statutory and common-law principles, the court properly granted the defendant's motion to dismiss. The court concluded, on two grounds, that the plaintiff could enforce her family support agreement in a contract action and not by way of an execution on a judgment. First, our legislature has expressly excluded family support judgments from the class of money judgments that may be enforced by execution. See General Statutes § 52-350a (7) and (13). Second, a stipulated family support judgment should be deemed to be a contract because it does not reflect a judicial determination of any litigated right. See *Lind-Larsen* v. *Fleet National Bank of Connecticut*, 84 Conn. App. 1, 17–18, 852 A.2d 799, cert. denied, 271 Conn. 940, 861 A.2d 514 (2004). Because "[t]he interpretation of pleadings is always a question of law for the court"; (internal quotation marks omitted) *Cahill* v. *Board of Education*, 198 Conn. 229, 236, 502 A.2d 410 (1985); the court's conclusions are entitled to plenary review. See *Young* v. *Vlahos*, 103 Conn. App. 470, 476, 929 A.2d 362 (2007), cert. denied, 285 Conn. 913, 943 A.2d 474 (2008).

The plaintiff maintains that the court improperly concluded, as a matter of law, that she was required to make out a prima facie case for breach of contract because her first count sounded in common-law debt, which, she claims, carries a presumption of nonpayment.[4] According to the plaintiff, the defendant's allegedly unpaid support obligation became a money judgment enforceable by an action in debt solely by the passage of time and by her proof of the existence of the original agreement, notwithstanding either § 52-350a (13) or the lack of any finding of arrearage. We do not agree.

[4] The plaintiff does not dispute the court's conclusion that, if both counts of her complaint must be construed as contract actions, she bore the burden of establishing a prima facie case.

The plaintiff's argument runs counter to several decisions of our Supreme Court that squarely support the judgment of the trial court. It is well established that when an "agreement of the parties was ordered incorporated by reference into [a marital] dissolution decree . . . [a] judgment rendered in accordance with such a stipulation of the parties is to be regarded and construed as a contract." *Barnard* v. *Barnard*, supra, 214 Conn. 109. "A stipulated judgment is not a judicial determination of any litigated right. . . . It may be defined as a contract of the parties acknowledged in open court and ordered to be recorded by a court of competent jurisdiction. . . . [It is] the result of a contract and its embodiment in a form which places it and the matters covered by it beyond further controversy. . . . The essence of the judgment is that the parties to the litigation have voluntarily entered into an agreement setting their dispute or disputes at rest and that, upon this agreement, the court has entered judgment conforming to the terms of the agreement." (Internal quotation marks omitted.) *Reichenbach* v. *Kraska Enterprises, LLC*, 105 Conn. App. 461, 475, 938 A.2d 1238 (2008).

To avoid the compelling force of these cases, which the plaintiff's brief does not address, the plaintiff contends that, rather than sounding in contract, the first count of her complaint sought to enforce her family support judgment by an action in debt. She maintains that she is entitled to pursue a remedy in debt because (1) a support obligation is imposed by law rather than by agreement, (2) the judgment is an obligation "in the nature of a debt," (3) her dissolution judgment unconditionally established the amount of the defendant's periodic obligation to make payments of alimony and child support as they accrued, and (4) those obligations, in fact, have now accrued.

The plaintiff acknowledges indirectly that this syllogism runs squarely into our legislature's preclusion of

execution as a permissible postjudgment remedy for the enforcement of family support judgments. See General Statutes § 52-350a (7) and (13). Her resolution of this serious obstacle to her pursuit of a remedy in debt is the bald assertion that the statutory prohibition should not be read "exclusively." She hypothesizes that the statute would not preclude an action in debt to enforce a family support decree requiring a defendant unconditionally to pay a fixed sum of money as alimony but has cited no Connecticut case that has so held.[5]

We cannot agree with the plaintiff's assumption that we have the authority to depart from the plain meaning of a remedial statute to engraft onto its text an exclusion for which there is no textual support, either in the statute itself or in other related statutes concerning the same subject matter. See General Statutes § 1-2z.[6] Presumably, the legislature decided that because family support judgments are more often subject to modification than commercial judgments, this warranted the enactment of different rules for their enforcement. Whatever its motivation, the legislature had the authority to determine that not all judgments would be equally enforceable by execution and, inferentially, by an action for debt.

The court properly applied the statutory and case law that governs this case. Because the plaintiff was not entitled to enforce her stipulated family support

[5] The only Connecticut case cited by the plaintiff is one involving the payment of workers' compensation benefits. The plaintiff's citation of out-of-state cases is unpersuasive without a showing that the relevant statutory law in those jurisdictions contained provisions similar to those enacted by our legislature.

[6] General Statutes § 1-2z provides: "The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered."

judgment through an action in debt, the court properly treated her cause of action as one for breach of contract. Her pleadings, however, were insufficient to establish a prima facie case on that claim.

The judgment is affirmed.

In this opinion the other judges concurred.