CARDI MATERIALS CORPORATION *v.*
CONNECTICUT LANDSCAPING
BRUZZI CORPORATION
(AC 23131)

Lavery, C. J., and Schaller and Peters, Js.

Argued May 5—officially released June 24, 2003

*William C. Franklin*, for the appellant (defendant).

*Douglas M. Poulin*, for the appellee (plaintiff).

*Opinion*

LAVERY, C. J. The defendant, Connecticut Landscaping Bruzzi Corporation, appeals from the judgment of the trial court in a breach of contract action awarding damages to the plaintiff, Cardi Materials Corporation. The dispositive issue in this appeal is whether the court had subject matter jurisdiction.[1] We conclude that the plaintiff did not have standing to bring suit. Accordingly, we reverse the judgment of the trial court and remand the case with direction to dismiss the action.

The following facts and procedural history are necessary for our resolution of that issue. In a complaint dated July 11, 2000, the plaintiff brought an action against the defendant for breach of contract. The parties to the underlying contract were the defendant and Cardi Corporation. Both the plaintiff and Cardi Corporation were incorporated and have their principal places of business in Rhode Island. The plaintiff conceded at oral

---

[1] The defendant also claims on appeal that, assuming the existence of subject matter jurisdiction, the damages awarded by the court were not supported by the evidence. Because we conclude that the court did not have subject matter jurisdiction, we need not address the defendant's second claim. See, e.g., *Bailey* v. *Medical Examining Board for State Employee Disability Retirement*, 75 Conn. App. 215, 216 n.4, 815 A.2d 281 (2003).

argument that Cardi Materials Corporation and Cardi Corporation were separate and distinct corporate entities. In its answer, the defendant admitted the existence of the contract between itself and Cardi Corporation, but denied that the plaintiff was a party to the contract.

The plaintiff called Sean Corrigan, a project manager with Cardi Corporation, as its first witness, and the defendant objected to his testimony. The defendant informed the court that Cardi Corporation was not named as a plaintiff in the case and that the named plaintiff was not a party to the contract at issue. The court directed the parties to proceed with the evidence and stated that it would entertain any motions to dismiss at an appropriate time. Upon conclusion of the evidence, the defendant made an oral motion to dismiss on the ground that the plaintiff did not have standing, thus depriving the court of subject matter jurisdiction. In response, counsel for the plaintiff stated that "I could move to substitute Cardi Corporation now, which I guess I would formally do to make this accurate." The plaintiff, however, did not move to substitute Cardi Corporation as the plaintiff, nor did the court order that Cardi Corporation be substituted for the plaintiff.[2] Rather, the court simply denied the defendant's motion to dismiss and rendered judgment in favor of the plaintiff. This appeal followed.

"It is a fundamental rule that a court may raise and review the issue of subject matter jurisdiction at any time." (Internal quotation marks omitted.) *Kizis* v. *Morse Diesel International, Inc.*, 260 Conn. 46, 52, 794 A.2d 498 (2002). "[W]henever a court discovers that is has no jurisdiction, it is bound to dismiss the case . . . ." (Internal quotation marks omitted.) *Millward Brown, Inc.* v. *Commissioner of Revenue Services*, 73

---

[2] Such a substitution may be permissible pursuant to General Statutes § 52-109 and Practice Book § 9-20.

Conn. App. 757, 766, 811 A.2d 717 (2002); see also Practice Book § 10-33. "A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Cottman Transmission Systems, Inc.* v. *Hocap Corp.*, 71 Conn. App. 632, 636–37, 803 A.2d 402 (2002).

"Where a plaintiff lacks standing to sue, the court is without subject matter jurisdiction. . . . Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless [one] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." (Citation omitted; internal quotation marks omitted.) *Dime Savings Bank of Wallingford* v. *Arpaia*, 55 Conn. App. 180, 183, 738 A.2d 715 (1999). "Standing is established by showing that the party claiming it is authorized by statute to bring suit or is classically aggrieved. . . . The fundamental test for determining aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in [the subject matter of the challenged action] . . . . Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the [challenged action]." (Internal quotation marks omitted.) *AvalonBay Communities, Inc.* v. *Orange*, 256 Conn. 557, 568, 775 A.2d 284 (2001).

Here, the defendant argues that the plaintiff did not have standing to sue because it was not a party to the contract. We agree. The subject matter of the complaint

is the contract, which was between Cardi Corporation and the defendant. The plaintiff in this case was Cardi Materials Corporation, a corporate entity separate and distinct from Cardi Corporation. The plaintiff, therefore, fails to satisfy the first prong of the test for determining whether standing exists. The specific, personal and legal interest in this case belongs solely to Cardi Corporation, which was the party to the contract. The plaintiff, on the other hand, has no such interest because it was not a party to the contract.[3] Because the plaintiff did not have standing to sue, there was no subject matter jurisdiction. See *Ardito* v. *Olinger*, 65 Conn. App. 295, 300, 782 A.2d 698, cert. denied, 258 Conn. 942, 786 A.2d 429 (2001). Accordingly, we conclude that the court should not have proceeded to decide the case on the merits, but should have dismissed it for lack of subject matter jurisdiction. See id.

The judgment is vacated and the case is remanded with direction to render judgment dismissing the action.

In this opinion the other judges concurred.

---

[3] No evidence was produced at trial that demonstrated any specific, personal and legal interest in the contract by the plaintiff.

