******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# PREMIER CAPITAL, LLC *v.* JAY SHAW
## (AC 40785)

Keller, Bright and Moll, Js.

*Syllabus*

The plaintiff, L Co., sought to enforce a judgment rendered in 1991 against the defendant that was predicated on a default on a loan. The trial court found that L Co. proved by a preponderance of the evidence that it owned the 1991 judgment and rendered judgment in favor of L Co., from which the defendant appealed to this court. Thereafter, L Co. filed with the trial court a postjudgment motion to correct the record to reflect that the plaintiff in the present action should have been designated as I Co., rather than L Co., claiming that L Co. and I Co. are two separate Massachusetts entities comprised of the same principals and principal offices, but that I Co. was the proper entity designation. Because the present case was on appeal, the trial court declined to take any action on L Co.'s motion to correct. On appeal, the defendant claimed that L Co. lacked standing, which deprived the trial court of subject matter jurisdiction. *Held* that because L Co. did not have standing to seek enforcement of the 1991 judgment, the trial court lacked subject matter jurisdiction over the present case and, thus, should have dismissed the case rather than deciding it on the merits; the evidence at trial indicated that I Co., and not L Co., had acquired assets in 1998 that purportedly included the 1991 judgment, it was undisputed that there was no evidence demonstrating that L Co. had a real interest in the 1991 judgment, L Co. conceded that it was a separate and distinct entity from I Co., and the listing of L Co. as the plaintiff in this action did not amount to a scrivener's error as claimed by L Co.

Argued January 4—officially released April 2, 2019

*Procedural History*

Action to enforce a judgment, and for other relief, brought to the Superior Court for the judicial district of Stamford-Norwalk and tried to the court, *Hon. Edward R. Karazin, Jr.*, judge trial referee; judgment for the plaintiff; thereafter, the plaintiff filed a motion to correct, and the defendant appealed to this court. *Reversed; judgment directed.*

*Ellery E. Plotkin*, for the appellant (plaintiff).

*Thomas J. Lengyel*, for the appellee (defendant).

*Opinion*

MOLL, J. The defendant, Jay Shaw, appeals from the judgment of the trial court, following a bench trial, rendered in favor of the plaintiff, Premier Capital, LLC (plaintiff LLC). On appeal, the defendant claims that (1) the trial court lacked subject matter jurisdiction over the present case as a result of the plaintiff LLC's lack of standing, (2) the court erred in determining that the plaintiff LLC established ownership of the prior judgment it sought to enforce because there were breaks in the chain of title, and (3) the court erred in concluding that his special defense was invalid. We agree with the defendant on the first claim and, accordingly, reverse the judgment of the trial court.[1]

The following facts and procedural history are relevant to our resolution of this appeal. In 1990, Charter Federal Savings commenced an action against the defendant predicated on a default on a loan. See *Charter Federal Savings* v. *Shaw*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CV-90-0109612. On August 7, 1991, following a hearing in damages, the trial court rendered judgment against the defendant and in favor of Charter Federal Savings in the amount of $293,259.81, including costs, attorney's fees, and expenses (1991 judgment).

On August 5, 2016, the plaintiff LLC commenced the present case against the defendant. The summons identified the plaintiff as "Premier Capital, LLC," with a place of business located at 336 Lowell Street in Wilmington, Massachusetts. In its operative one count complaint filed on August 11, 2016, in which "Premier Capital, LLC," was identified as the plaintiff, the plaintiff LLC alleged, inter alia, that, following a series of transactions, it had acquired ownership of the 1991 judgment and that the 1991 judgment had not been satisfied. As relief, the plaintiff LLC sought, inter alia, enforcement of the 1991 judgment and postjudgment interest.[2] Thereafter, the defendant filed an answer and special defenses,[3] and the plaintiff LLC filed a reply denying the allegations in the special defenses.

On May 2, 2017, the matter was tried to the court. During trial, the plaintiff LLC offered and had admitted into evidence several exhibits that, according to the plaintiff LLC, established a chain of title demonstrating that it had acquired ownership of the 1991 judgment in 1998. Notably, none of the exhibits makes any reference to "Premier Capital, LLC"; instead, the plaintiff LLC's exhibit number one indicates that "Premier Capital, Inc.," which is not a party to the present case, had acquired certain assets that purportedly included the 1991 judgment. This incongruity was not raised as an issue during trial.

On August 8, 2017, the court issued a memorandum of decision in which it concluded, inter alia, that the

plaintiff LLC had proven the allegations of its complaint by a preponderance of the evidence, including that it owned the 1991 judgment. The court rendered judgment in favor of the plaintiff LLC in the amount of $289,794.81,[4] plus postjudgment interest at a rate of 4 percent annually. On August 28, 2017, the defendant filed this appeal.

On September 13, 2017, the plaintiff LLC filed with the trial court a postjudgment motion to "correct the trial court record" (motion to correct) to reflect that the plaintiff in the present case should have been designated as "Premier Capital, Inc.," rather than "Premier Capital, LLC." The plaintiff LLC claimed that Premier Capital, Inc., and the plaintiff LLC are two separate Massachusetts entities comprised of the same principals and principal offices, and that Premier Capital, Inc., is the "proper entity designation." The plaintiff LLC characterized the listing of "Premier Capital, LLC," as the plaintiff as a scrivener's error. On October 11, 2017, the court issued an order noting that the present case is on appeal and, accordingly, the court declined to take any action on the plaintiff LLC's motion to correct absent approval from this court.[5]

The defendant raises on appeal the dispositive claim that the trial court lacked subject matter jurisdiction over the present case as a result of the plaintiff LLC's lack of standing. Specifically, the defendant contends that the evidence adduced at trial demonstrates that Premier Capital, Inc., rather than the plaintiff LLC, acquired assets purportedly including the 1991 judgment and that, absent a real interest in the 1991 judgment, the plaintiff LLC lacked standing to seek enforcement of the 1991 judgment. In response, the plaintiff LLC argues that the listing of "Premier Capital, LLC," as the plaintiff is a scrivener's error that has not prejudiced the defendant. We agree with the defendant.

At the outset, we note that the defendant is raising this standing claim for the first time on appeal. "If a party is found to lack standing, the court is without subject matter jurisdiction to determine the cause. . . . [A] claim that a court lacks subject matter jurisdiction may be raised at any time during the proceedings . . . including on appeal . . . . Because the [defendant's] claim implicates the trial court's subject matter jurisdiction, we conclude that it is reviewable even though the [defendant has] raised it for the first time on appeal." (Citations omitted; internal quotation marks omitted.) *Perez-Dickson* v. *Bridgeport*, 304 Conn. 483, 506, 43 A.3d 69 (2012). "The issue of whether a party had standing raises a question of law over which we exercise plenary review." *Arciniega* v. *Feliciano*, 329 Conn. 293, 301, 184 A.3d 1202 (2018).

"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or

representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue . . . ." (Internal quotation marks omitted.) *Prime Locations of CT, LLC* v. *Rocky Hill Development, LLC*, 167 Conn. App. 786, 794, 145 A.3d 317, cert. denied, 323 Conn. 935, 150 A.3d 686 (2016).

The evidence in the record indicates that Premier Capital, Inc., acquired certain assets in 1998 that purportedly included the 1991 judgment. It is undisputed, however, that there is no evidence demonstrating that the plaintiff LLC has a real interest in the 1991 judgment. As the plaintiff LLC concedes, Premier Capital, Inc., and the plaintiff LLC are separate, distinct entities. The listing of "Premier Capital, LLC," as the plaintiff does not amount to a scrivener's error, as the plaintiff LLC contends; rather, the wrong entity commenced the present case.[6] See *Cardi Materials Corp.* v. *Connecticut Landscaping Bruzzi Corp.*, 77 Conn. App. 578, 581–82, 823 A.2d 1271 (2003) (plaintiff, named "Cardi Materials Corporation," lacked standing to commence breach of contract action where contracting parties were defendant and "Cardi Corporation," a separate and distinct corporate entity not named as plaintiff in action). In sum, the plaintiff LLC did not have standing to seek enforcement of the 1991 judgment and, therefore, the court lacked subject matter jurisdiction over the present case. Accordingly, the court should have dismissed the present case rather than deciding it on the merits. See id., 582 (concluding that trial court should have dismissed case for lack of subject matter jurisdiction rather than deciding case on merits).

The judgment is reversed and the case is remanded with direction to render judgment dismissing the plaintiff's action.

In this opinion the other judges concurred.

[1] In light of our resolution of the defendant's first claim, which is dispositive of the appeal and requires dismissal of the plaintiff LLC's action, we need not reach the merits of the defendant's remaining claims.

[2] Prior to trial, the parties stipulated that the plaintiff LLC commenced the present case within twenty-five years following the 1991 judgment. See General Statutes § 52-598 (a) ("[n]o execution to enforce a judgment for money damages rendered in any court of this state may be issued after the expiration of twenty years from the date the judgment was entered and no action based upon such a judgment may be instituted after the expiration of twenty-five years from the date the judgment was entered").

[3] The defendant raised two special defenses. In his first special defense, the defendant alleged that the plaintiff LLC failed to state a cause of action on which relief could be granted. The defendant withdrew his first special defense prior to trial. In his second special defense, the defendant alleged that the present case was oppressive and harassing as a result of, among other things, his advanced age and poor health.

[4] At trial, Louis Auciello, who testified that he is an account manager employed by "Premier Capital," testified that, from 2007 to 2010, the defendant made $3465 in payments against the balance of the 1991 judgment and, thus, the remaining balance of the 1991 judgment was $289,794.81.

[5] The plaintiff LLC has not sought appellate review of the October 11, 2017 order.

[6] In its appellate brief, the plaintiff LLC argues that Premier Capital, Inc., and the plaintiff LLC "are not that different, practically and/or logistically speaking, as they have a certain relationship that in essence undermines the main thrust of [the] defendant's standing argument." Regardless of the affiliation between the plaintiff LLC and Premier Capital, Inc., the record remains devoid of any evidence establishing that the plaintiff LLC has a real interest in the 1991 judgment.

In addition, the plaintiff LLC argues that the defendant was not prejudiced by the plaintiff LLC being named as the plaintiff, noting that at trial, there was evidence that the defendant made payments to partially satisfy the judgment between 2007 and 2010. Where, as here, the erroneous designation of a plaintiff is a substantial error rather than a circumstantial error, whether the defendant was prejudiced by the error is immaterial. See *Coldwell Banker Manning Realty, Inc.* v. *Cushman & Wakefield of Connecticut, Inc.*, 136 Conn. App. 683, 694, 47 A.3d 394 (2012) (concluding that plaintiff's commencement of action under fictitious name did not constitute circumstantial error and, thus, declining to consider plaintiff's argument that defendants were not prejudiced by error); *America's Wholesale Lender* v. *Pagano*, 87 Conn. App. 474, 480, 866 A.2d 698 (2005) (concluding that, although defendant could not argue that she suffered prejudice as result of corporation commencing action under trade name, lack of subject matter jurisdiction required dismissal of action regardless of whether prejudice existed).

———————————————